FILED
MISSOULA, MT

2007 FEB 2 PM 3 59

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| RICHARD A. WELLS, | ) | CV 06-32-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| RELIANCE STANDARD LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I. Introduction

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this ERISA case on January 11, 2007. Defendant Reliance Standard Life Insurance Company ("Reliance") timely objected on January 18, 2007. Reliance therefore is entitled to de novo review of the record. 28 U.S.C. § 636(b)(1). Judge Lynch recommended remanding the case to the administrator for a renewed evaluation of Plaintiff Richard Wells' entitlement to disability benefits. I agree with Judge Lynch's Findings and Recommendation and thus adopt them in full.

The Parties are familiar with the procedural history and the factual background so they will not be restated here.

## II.  Analysis

Judge Lynch determined Reliance abused its discretion in terminating Wells' disability benefits because Reliance's determination that Wells was capable of performing his regular occupation was not supported by sufficient evidence. In particular, Judge Lynch noted Reliance's determination was based solely on a newspaper advertisement indicating Wells was opening his own medical practice and Wells' statements to an undercover investigator regarding his work hours. Judge Lynch observed Reliance did not obtain an independent medical evaluation to ascertain the number of hours Wells was capable of working or documentary evidence regarding the number of hours Wells actually worked. Nevertheless, because it was not clear that it would be unreasonable for Reliance to deny benefits on any ground, Judge Lynch recommended remanding the case to the administrator instead of awarding benefits.

Reliance argues Judge Lynch erred in basing his recommendation on Reliance's failure to obtain an independent medical examination. Reliance notes, when reviewing an administrator's decision under ERISA, "the issue before the district court [is] not whether it would have liked to have developed even more evidence or whether it would be interested in

what other experts might think. The issue [is] whether, based upon the record before it, [the administrator] abused its discretion by failing to base its decision on substantial evidence." Snow v. Standard Ins. Co., 87 F.3d 327, 332 (9th Cir. 1996). Although Judge Lynch observed an independent medical examination might have bolstered Reliance's decision to terminate benefits, Judge Lynch's recommendation was not based solely on the lack of an independent medical examination. Judge Lynch determined the evidence Reliance relied on was not sufficient because it only indicated the number of hours Wells advertised working, not the number of hours he actually working or was capable of working. Judge Lynch suggested Reliance might obtain this information in a number of ways, including, but not limited to, an independent medical examination.

Reliance also attempts to equate Judge Lynch's determination that the case should be remanded with a finding that Reliance's decision was reasonable. In recommending remand, Judge Lynch observed, it is not clear that it would be unreasonable for Reliance to deny benefits on any ground. This statement does not mean Reliance's decision was reasonable. Rather, Judge Lynch merely suggested Reliance could reasonably deny benefits based either on Wells' performance of his regular occupation or some other ground if Reliance compiled more evidence to support such a decision. The evidence Reliance initially relied on was

insufficient, but Judge Lynch was unwilling to say evidence supporting termination of benefits did not exist or could not be obtained.

Reliance next quotes Judge Lynch's observation that the record "contains little in the way of medical or vocational evidence" and contends it was Wells' burden to provide this evidence to demonstrate his continued eligibility for benefits. Reliance conveniently fails to quote the next sentence of the Findings and Recommendation, which states: "What little [medical or vocational evidence] there is, suggests that Dr. Wells remained disabled." The administrative record contained reports from Wells' two treating physicians. The first physician indicated Wells was capable of only sedentary work and the second physician indicated a graduated return to medical practice was feasible, but would likely be limited to a part-time basis. Even if Wells bore the burden of proving his continued disability, Reliance could not disregard this evidence without more than a newspaper advertisement to contradict it.

Finally, Reliance argues Judge Lynch erred because there was substantial evidence in the record to demonstrate Wells was working full-time or had the ability to do so. Reliance notes, Wells opened a clinic with full-time hours and the ability to perform house calls; Wells told a private investigator he was operating the clinic on a full-time basis; Wells informed

Reliance he closed the clinic because of pain, but told patients he had to move the clinic because the clinic building had been sold; and, after closing the clinic, Wells opened a new clinic in Idaho where he was the only physician. I agree with Judge Lynch's determination that this evidence is insufficient to demonstrate Wells was actually working or capable of working full-time, especially in light of the opinions offered by Wells' two treating physicians and Wells' statements that he had been unable to return to full-time practice as he had hoped.

### III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation are adopted in full. Reliance's motion for summary judgment is DENIED. Wells' motion for summary judgment is GRANTED to the extent that the case is REMANDED to the administrator for a renewed evaluation of Wells' entitlement to disability benefits.

Dated this 2nd day of February, 2007.

Donald W. Molloy, Chief Judge
United States District Court